STATE, Respondent, *v.* KLINE, Appellant.

(No. 8,269.)

(Submitted March 6, 1942. Decided March 19, 1942.)

[123 Pac. (2d) 304.]

*Messrs. C. C. Guinn* and *F. F. Haynes,* for Appellant, submitted a brief, and argued the cause orally.

182

*Mr. John W. Bonner*, Attorney General, *Mr. Fred Lay*, Assist-ant Attorney General, and *Mr. Bert W. Kronmiller*, County Attorney of Big Horn County, for the State, submitted a brief; *Mr. Lay* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

The defendant, John Kline, was convicted of third degree assault in the district court of Big Horn county. The complaining witness, Margaret Keene, is a neighbor of the defendant. The facts out of which the case arose, as they are gathered from the record, are briefly these:

The defendant is engaged in farming in the above mentioned county. The complaining witness, Miss Keene, a lady 64 years of age, lived with her brother not far from the defendant's place. She ran a considerable number of cattle and for some time there had been trouble between her and the defendant concerning fences, gates and trespasses upon the defendant's property by the prosecuting witness' cattle. On the date of the assault the prosecuting witness was looking after her cattle when she came to a gate opening into the defendant's property. This gate was open and some of her cattle were upon the de-

fendant's land. One of her cows was lying dead a short distance outside the open gate. She rode through the open gate onto the defendant's land to a gate in a corral which enclosed the farm buildings of the defendant. She went through this gate and met one of defendant's employees who directed her to a building where she found defendant. She testified that she encountered defendant at the door of the building and asked him if he was going to do anything about the gate (referring to the open gate), and that in reply he told her to ''get out of here,'' and then struck her with his fist, knocking her down, and that when she arose he took hold of her wrists, turned her around and threw her to the ground again. She then says she picked herself up and got her horse, and as she was going toward the gate of the corral, the defendant hit her horse with a club. The defendant's version of what took place was that she refused to leave his place and that, to induce her to do so, he ''grabbed her by the wrists'' and pushed her, and that she fell over a two by four lying on the ground. He denied that he struck her or her horse. He testified that he had on a number of occasions told the complaining witness not to come upon his property, and this she admits.

The defendant makes four specifications of error. The second and third are based on the court's failure on its own motion to dismiss the case at the close of the evidence upon the ground that it was not sufficient in law to support the judgment of conviction, or to set aside the verdict on the ground that it was based upon the passion and prejudice of the jury. Nothing need be said about these two attempted specifications, except that the evidence supporting the conviction was substantial, and nothing in the record suggests that the action of the jury was based upon passion and prejudice.

The fourth specification of error again is based on the failure of the court to act upon its own motion, this time to instruct the jury that if the prosecuting witness had been ordered by the defendant as a result of previous trouble to remain away from his premises, then her entry thereon constituted

in itself the commission of a hostile act against the defendant, and that it was not necessary for him to wait for the prosecuting witness to commit an overt act or refuse to leave the premises after demand by the defendant before ejecting her forcibly. No instruction in these words was submitted to the court by the defendant. All instructions offered by defendant were given and he made no objection to any instruction given. In such a situation the trial court ordinarily should not be put in error upon an objection raised for the first time on this appeal. (*State* v. *Francis,* 58 Mont. 659, 194 Pac. 304; *State* v. *Reagin,* 64 Mont. 481, 210 Pac. 86.)

The defendant takes the view that under the provisions of section 10980, subdivision 3, Revised Codes, the jury would be entitled to infer from the facts of the previous difficulty over the gate and its ownership, that the entry on the day in question constituted a hostile act from which the defendant might take it that the complaining witness might attack him if he did not attack her first. Section 10980 provides: "To use or attempt or offer to use force or violence upon or towards the person of another is not unlawful in the following cases: * * * 3. When committed either by the party about to be injured, or by another person in his aid or defense, in preventing or attempting to prevent an offense against his person, or a trespass or other unlawful interference with real or personal property in his possession, if the force or violence used is not more than sufficient to prevent such offense." The instructions included defendant's offered Instruction No. 1, and plaintiff's offered Instruction No. 10, to which defendant made no objection. These instructions are in the words of the statute, section 10980, subd. 3, and are entirely sufficient on the matter raised by the specification.

The first specification of error deals with the restrictions placed by the court upon the scope of the cross-examination of the prosecuting witness concerning the gate which she found open and through which her cattle had passed in going upon defendant's premises. Upon her examination the prose-

cuting witness testified that she, with the permission of the former owner of the land lying adjacent to that of defendant, had built the fence and gate dividing that property from the defendant's property, and upon the stand she stated that the property lying immediately outside this fence and gate belonged to the county. Upon cross-examination the defendant sought to examine into the question of the ownership of this land lying outside the fence. The purpose of this attempted cross-examination, as it appears from the record and from counsel's brief, was to show that the prosecuting witness had no control or right of control over the gate, and that she had no authority to require the defendant to keep it closed. The defendant argued that the restriction of the cross-examination on this point was harmful to him in two ways: first, that it acted to prejudice the jury, and, second, that he was not allowed adequately to show the fact that the prosecuting witness was trespassing at the time of the assault. The lower court was not in error. The testimony, as has been indicated, clearly shows that the prosecuting witness was trespassing upon the defendant's land; and further the testimony shows that there had been trouble between the two in the past, culminating in the orders on the part of the defendant to the prosecuting witness to stay away from his place. The jury had all of the necessary facts before it to determine whether or not the assault was necessary to enable the defendant to protect his property, or that the assault arose because the act of the prosecuting witness in coming on his place was in itself a hostile act from which he might reasonably expect an assault, and that to protect himself he must strike first. It should be noted further that the defendant himself upon the stand gave as his reason for the assault that the prosecuting witness called him a vile name.

The record shows clearly that the trial court was solicitous of the rights of the defendant in every step of the trial, and no error appears. Affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.